UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO JOHNSON,

        Petitioner,

-vs-                                        Case No. 8:05-cv-660-T-24TGW

STATE OF FLORIDA,

        Respondent.

_____

## ORDER

Antonio Johnson filed a petition for declaratory judgment pursuant to "Federal Rules of Court Rule 57" and Title 28 U.S.C. § 2201; and a motion for leave to proceed in forma pauperis. Petitioner sought an answer to the question of whether a life sentence constituted indefinite imprisonment.

At the time he filed the petition, Petitioner was incarcerated in Columbia Correctional Institution which is located in the United States District Court for the Middle District of Florida, Jacksonville Division, where he remains as of this date. Furthermore, his conviction was entered by the United States District Court for the Southern District of Florida. Therefore, this Court could have transferred the action to either of those Courts. However, because the filing did not present a case or controversy, this Court found that the most efficient means of handling the matter was to dismiss the petition in this Court, which the Court did.

Now, Petitioner has filed a Notice of Appeal which the Court construes as a request for certificate of appealability. To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 475 (2000).[1] Petitioner has failed to meet this standard. Therefore, Petitioner has failed to satisfy the Slack test.

Accordingly, the Court orders:

That Petitioner's construed request for certificate of appealability (Doc. No. 6) is denied.

ORDERED in Tampa, Florida, on April 28, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Antonio Johnson

---

[1] Miller-El v. Cockrell, 123 S.Ct. 1029 (2003) does not change the Slack standard. See Ziegler v. Crosby, 345 F.3d 1300, 1303 n.4 (11th Cir. 2003).